**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5297-18

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TALIV AMOS,
a/k/a TAILY W. AMOS,

    Defendant-Appellant.

_____

Submitted February 24, 2021 – Decided March 26, 2021

Before Judges Fuentes and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 12-07-0555.

Joseph E. Krakora, Public Defender, attorney for appellant (Phuong V. Dao, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Albert Cernadas, Jr., Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Taliv Amos appeals from an order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On July 26, 2012, defendant was charged in an indictment with first-degree robbery, N.J.S.A. 2C:15-1 (count one); third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count two); third-degree aggravated assault with bodily injury, N.J.S.A. 2C:12-1(b)(7) (count three); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count four); third-degree possession of a weapon with an unlawful purpose, N.J.S.A. 2C:39-4(d) (count five); and first-degree conspiracy, N.J.S.A. 2C:5-2 and 2C:15-1 (count six).

On December 17, 2012, defendant pled guilty to first-degree robbery in exchange for a sentence of sixteen years' imprisonment subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. This sentence was to be served concurrently to an unrelated Essex County sentence.

The record shows that on June 27, 2010, defendant committed a robbery while armed with a wrench at the Grain Store in Elizabeth. He was not identified or arrested until February 9, 2012. On July 10, 2012, defendant was sentenced on Essex County Indictment No. 11-07-1305 to a fifteen-year term of

imprisonment. On July 26, 2012, defendant was indicted in Union County for the charges in the matter under review.

On December 17, 2012, defendant entered into an agreement with the State through which he pled guilty to first-degree robbery at the Grain Station in exchange for a sentence of sixteen years' imprisonment, subject to NERA. At his plea allocution, defendant admitted that armed with a wrench, he and a co-defendant tied up the store clerk, hit him with the wrench causing injury, and stole money from the store.

Prior to sentencing, defense counsel requested an adjournment of the sentencing date in order to file a motion for jail credits. Defendant's motion was heard on April 19, 2013. After considering the arguments of counsel, the court concluded that pursuant to Rule 3:21-8, defendant was entitled to jail credits from February 9, 2012, to July 9, 2012, and from February 14, 2013, to April 18, 2013 (215 days). The court also awarded defendant gap-time credit from July 10, 2012, to February 14, 2013 (220 days), the date when he was sentenced in Essex County.

On April 19, 2013, the trial court sentenced defendant consistent with the plea agreement and assessed appropriate fines and penalties. No direct appeal was filed by defendant. On March 16, 2018, defendant filed the pro se PCR

A-5297-18

petition under review alleging ineffective assistance of counsel. The PCR court appointed counsel to represent defendant in the prosecution of the petition. PCR counsel filed a brief in support of the petition arguing defendant was entitled to 220 days of jail credits that were erroneously awarded as gap-time credits. Defendant claimed his trial counsel informed him prior to his pleading guilty that he would receive jail credits from November 8, 2011, to the time he was sentenced in Union County on April 19, 2013. PCR counsel claimed that the attorney who represented defendant at the time of sentencing failed to adequately argue this point to the court.

On December 10, 2018, the PCR court heard oral argument on defendant's petition. The court reserved decision at the conclusion of the hearing and rendered an oral decision on April 26, 2019.

In its comprehensive oral decision, the PCR court noted that on the April 19, 2013 motion hearing date, defendant was given an opportunity to withdraw his guilty plea but declined to do so. The court found defendant failed to present a prima facie case of ineffective assistance of counsel and denied the petition without an evidentiary hearing. Under Rule 3:21-8, the court noted defendant could have raised the issue of jail time credits on direct appeal because a challenge to an award or denial of jail credits constitutes an appeal of a sentence

4

not imposed in accordance with the law.  Therefore, defendant's petition was procedurally barred under Rule 3:22-3.

The PCR court also cited U.S. v. Shedrick, 493 F.3d 292, 295 (3d Cir. 2007) for the proposition that an erroneous sentencing prediction by counsel does not constitute ineffective assistance of counsel where there was an adequate plea hearing conducted.  A memorializing order was entered on April 26, 2019.

On appeal, defendant presents the following arguments for our consideration:

> POINT I
>
> BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL REGARDING JAIL TIME AND GAP-TIME CREDIT, HE IS ENTITLED TO [PCR] INCLUDING AN EVIDENTIARY HEARING.
>
> POINT II
>
> DEFENDANT HAS ESTABLISHED A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL TO WARRANT AN EVIDENTIARY HEARING.

## II.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus."  State v. Preciose, 129 N.J. 451, 459 (1992).  Under Rule 3:22-2(a), a criminal defendant is entitled to PCR if there was a "[s]ubstantial denial

in the conviction proceedings of defendant's rights under the Constitution of the United States or the Constitution or laws of the State of New Jersey[.]"  "A petitioner must establish the right to such relief by a preponderance of the credible evidence."  Preciose, 129 N.J. at 459 (citations omitted).  "To sustain that burden, specific facts" that "provide the court with an adequate basis on which to rest its decision" must be articulated.  State v. Mitchell, 126 N.J. 565, 579 (1992).

Claims of constitutionally ineffective assistance of counsel are well suited for post-conviction review.  See R. 3:22-4(a)(2); Preciose, 129 N.J. at 460.  In determining whether a defendant is entitled to relief on the basis of ineffective assistance of counsel, New Jersey courts apply the two-prong test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984), and United States v. Cronic, 466 U.S. 648, 658-60 (1984).  Preciose, 129 N.J. at 463; see State v. Fritz, 105 N.J. 42, 49-50 (1987).

Under the first prong of the Strickland test, a "defendant must show that [defense] counsel's performance was deficient."  Strickland, 466 U.S. at 687. Under the second prong, a defendant must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694.

6

Here, we agree with the PCR judge that defendant could have raised the question of jail time credits on direct appeal. Defendant is thus procedurally barred under Rule 3:22-3 from raising this issue in a PCR petition.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5297-18